IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT DESHAUN PETERS,

       Petitioner,

   v.

MARK NOOTH,

       Respondent.

Civil No. 09-539-MO

OPINION AND ORDER

Amy Baggio
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

       Attorney for Petitioner

John R. Kroger
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

       Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state court convictions. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On November 2, 1998, the Multnomah County Grand Jury indicted petitioner on four counts of Robbery in the Second Degree and four counts of Burglary in the First Degree. Respondent's Exhibit 102. A jury convicted petitioner on all counts, and on November 1, 1999, the trial court imposed a Dangerous Offender sentence of 30 years on one of the Burglary convictions,[1] and ran the remaining Burglary convictions concurrently. The court also imposed 40 and 70-month consecutive sentences on two of the Burglary Convictions, respectively, and concurrent sentences on the remaining Robbery convictions. Respondent's Exhibit 104, pp. 362-366. In sentencing petitioner as a Dangerous Offender, the trial court found as follows:

> The dangerous offender statute is 161.725. The dangerous offender statute applies to Count 5, which is a Class A

---

[1] Under Oregon law at the time of petitioner's crimes, the maximum term of imprisonment for a Dangerous Offender was 30 years. ORS 161.725(1) (1997). A person met the requirements for a Dangerous Offender if he was sentenced for a Class A felony, and "the court [found] that the defendant [was] suffering from a severe personality disorder indicating a propensity toward crimes that seriously endanger the life or safety of another." ORS 161.725(1)(a).

2 - OPINION AND ORDER

> felony, Burglary in the First Degree. The Court finds beyond a reasonable doubt that the statute does apply, that the defendant is suffering from a severe personality disorder indicating a propensity toward crime that seriously endanger[s] the life and safety of others. Specifically, the disorder is a personality disorder with antisocial and narcissistic features. Specifically, under 161.725 the Court finds this defendant to be a dangerous offender under . . . Count 5. Six, 7 and 8 are going to be concurrent sentences.
>
> * * * * *
>
> I found beyond a reasonable doubt and I do find that the defendant is dangerous beyond a reasonable doubt and that because of his dangerousness an extended period of confinement is required for the protection of our public and that he is suffering from a severe personality disorder indicating a propensity toward violent dangerous activity. Those are my findings beyond all reasonable doubt.

*Id* at 363, 366.

Petitioner took a direct appeal where, relevant to this federal habeas action, he argued that the trial court erred in imposing a Dangerous Offender sentence in light of a then-new U.S. Supreme Court decision, *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[2] The Oregon Court of Appeals declined to address this claim on the basis that it was unpreserved, and the Oregon Supreme Court denied review. Respondent's Exhibits 108, 110.

---

[2] The Supreme Court filed its decision in *Apprendi* approximately three months before petitioner filed his Appellant's Brief in the Oregon Court of Appeals. In *Apprendi*, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

3 - OPINION AND ORDER

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the PCR trial court denied relief on all of his claims. Respondent's Exhibits 125-127. The Oregon Court of Appeals affirmed the lower court without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 132, 133.

Petitioner filed this federal habeas corpus action on May 14, 2009. While petitioner initially raised eight grounds for relief in his *pro se* Petition, he withdraws all of his grounds for relief except his Ground Eight claim that the trial court's imposition of his Dangerous Offender sentence violated *Apprendi*. Respondent asks the court to deny relief on this claim because it was not fairly presented to Oregon's state courts, and is now procedurally defaulted.

## DISCUSSION

A federal court is precluded from reviewing the merits of a claim when the state court has denied relief on the basis of an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Vansickel v. White*, 166 F.3d 953, 957 (9th Cir.), *cert. denied*, 528 U.S. 965 (1999). A state procedural rule constitutes an "independent" bar only if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). A state

4 - OPINION AND ORDER

procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

Appellate review in Oregon's state courts is governed by ORAP 5.45(1) which states that "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court. . . ." ORAP 5.45(1) does, however, provide an alternate procedure whereby "the appellate court may consider an error of law apparent on the face of the record." This latter provision allows the Oregon Court of Appeals to consider errors of law which are "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or. 376, 381, 823 P.2d 956 (1991).

In this case, petitioner presented the Oregon Court of Appeals with two claims: He challenged the sufficiency of the evidence to support his convictions (a claim not at issue here), and he challenged the lawfulness of his Dangerous Offender sentence based on the U.S. Supreme Court's decision in *Apprendi*. The Oregon Court of Appeals found both claims to be unpreserved for appellate review:

> As to the first assignment, defendant failed to make a motion for judgment of acquittal at trial, and he does not argue on appeal that the matter is one of plain error. In any event, the evidence is sufficient to support the convictions. We reject the assignment without further discussion.

5 - OPINION AND ORDER

> As to the second assignment, defendant argues that the trial court erred in imposing a dangerous offender sentence because, under *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), Oregon's dangerous offender statute is unconstitutional. That assignment, too, is unpreserved, and we decline to address it for the first time on appeal. <u>State v. Crain</u>, 177 Or App ___, ___ P.3d ___ (October 31, 2001).

Respondent's Exhibit 108.

According to petitioner, the Oregon Court of Appeals did not invoke an independent and adequate state procedural rule sufficient to preclude federal habeas corpus review in this case. He argues that although the Oregon Court of Appeals determined that his *Apprendi* claim was unpreserved, its citation to its *Crain* decision demonstrates that it engaged in the plain error analysis and, in so doing, intertwined federal constitutional law (the substance of his *Apprendi* claim) with state procedure such that the preservation ruling does not constitute an independent and adequate state bar.

In *Crain*, the Oregon Court of Appeals concluded that an *Apprendi* challenge to a Dangerous Offender sentence could not constitute plain error because the issue was "one of first impression in this state, the resolution of which is not obvious and, thus, is reasonably in dispute." *Crain*, 177 Or. App. at 638 (internal quotation omitted). This was not a federal constitutional analysis. The appellate court simply found that the issue was one of first impression, and thus reasonably in dispute. Such a finding does not suggest that the Oregon Court of Appeals' decision rested in any part on federal constitutional grounds.

6 - OPINION AND ORDER

Consequently, this court concludes that the Oregon Court of Appeals employed an independent and adequate procedural bar to petitioner's *Apprendi* claim.

Because petitioner may no longer present his Ground Eight claim to Oregon's state courts for consideration, it is procedurally defaulted. Petitioner does not argue cause and prejudice, nor does he make a colorable showing of actual innocence sufficient to excuse his default. Accordingly, relief on the Petition is denied.

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __6__ day of April, 2010.

                              /s/Michael W. Mosman
                              Michael W. Mosman
                              United States District Judge